Chief Justice Robertson
delivered the opinion of the court.
A fieri facias having been issued on the 24th of March, 1829, in favor of Hugh Kilpatrick, on a replevin bond executed to him by J ames Givens, as principal, and David Me Alexander and Richard Tunstall, as sureties, Tunstall, on the 7th of April, 1829, obtained an injunction restraining a levy of the execution on his property, until a tract of land, the alleged property of Givens, had first been levied on.
On a motion to dissolve the injunction on the face of the bill, Tunstall showed, by the return on the fieri fucias, which had issued -in March, that Kilpatrick had not been delayed by the injunction, but that the execution had been levied on Givens’s land on the day after the injunction issued, and had been satisfied by a sale of a part of the land; and therefore, at the succeeding term, the bill was dismissed at Tunstall’s costs and on •bis own motion, but no order was made for dissolving the injunction.
The plaintiff in error insists that the circuit court erred in wiihholding a decree for dissolution and for damages.
It is true that the injunction was improvidently awarded. -Such a procedure, for the purpose merely of saving the property of the surety by compelling a levy on that of the principal, is without the sanction of either principle, practice, or authority.
It is equally true, as a general proposition, that, on the dissolution of an injunction, which suspended the enforcement of a judgment, the law entitles the creditor to 10 per cent damages for the vexation and delay.
But'this law must not be perverted, as we think it would be, by being applied peremptorily to this case. Here the creditor has not been delayed an instant in his remedy. His judgment has not been injoined; he has only been directed to make the amount of it out of his principal debtor, and he has done so, as soon as he *81 would bavehada right to toerceit without any interference by the defendant in en or.
Turner, for plaintiff; Caperion, for defendant.
If there had been a dozen sureties, and each of liad, for himself, obtained a separate injunction like that granted to the defendant surely the plaintiff could not have demanded or expected a decree on each of the twelve cases for ten per cent damages, on the amount of the same judgment. The act of assembly would neither require nor justify such decrees, especially if the principal obligor, as to whom there had been no injunction, had paid, without delay, the whole amount of the judgment.
In this case there was, indeed, no injunction pending when the bill was dismissed, there was an existing order for injunction, or rather for discrimination in the levy of ike execution, hut there was nothing'to injoin. The judgment having been satisfied, no execution could afterwards issue upon it; and therefore, there being-nothing bound, there was nothing to dissolve. And the plaintiff was entitled to no damages, because he had sustained none. His execution had not been suspended, and it was not material to him, whether the principal or bis surety satisfied it.
We cannot feel any force in the objection which has been made to the regularity of admitting proof of the return on the execution upon the motion to dissolve. The fact was materia], and there was no necessity to take a deposition to prove i t. The execution itself was not only admissible, but the best evidence.
Decree affirmed with costs.